UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL JENKINS,<br>    Plaintiff,<br>v.<br>BUREAU OF LAND MANAGEMENT, *et al.*,<br>    Defendants. | Case No. 2:24-cv-01925-APG-NJK<br><br>**Order** |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 5. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff asserts claims against the Bureau of Land Management ("BLM") supervisors, Ranger Morris, Ranger McCall, and Ewing Bros. Inc. Docket No. 1-1 at 2-4. Plaintiff alleges that: (1) on December 15, 2022, Plaintiff legally parked his vehicle on Buzz Aldrin Drive when it overheated and left to walk home to retrieve his tools; (2) without any notice, rangers from the Bureau of Land Management ordered the towing of Plaintiff's vehicle; (3) the rangers falsely claimed Plaintiff's car was abandoned; (4) and the rangers told Plaintiff the vehicle was evidence of an allegedly false claim or charge filed by BLM rangers. *Id*. at 3.

Plaintiff's claims arise out of his allegations that, under BLM's direction, Plaintiff's car was improperly seized as evidence by Ewing Bros. which violated Plaintiff's rights under the Constitution and Nevada state law. Docket No. 1-1 at 3-4. Based on these allegations, Plaintiff

seeks to assert federal claims arising under the Constitution, the Federal Tort Claims Act, Nevada state law and 42 U.S.C. § 1983. *Id*. at 4. Plaintiff seeks compensatory damages, emotional distress damages, punitive damages, and legal costs in excess of $3,000,000. *Id*. at 10-11.

The Court finds that Plaintiff's complaint is deficient because it fails to state a claim upon which relief may be granted. Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983 for violating his rights under the Fourth and Fifth Amendment. Docket No. 1-1 at 4. "To adequately plead the section 1983 elements, a complaint must identify what constitutional rights each defendant violated, and provide sufficient facts to plausibly support each violation." *Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)).

While Plaintiff broadly alleges that Defendants violated his constitutional rights under the Fourth and Fifth Amendments, he fails to explain the involvement of each defendant with respect to the alleged constitutional violations. *See Clark v. Dzurenda*, 2020 WL 2926454, at *5 (D. Nev. June 3, 2020) ("For each defendant, [plaintiff] must allege facts sufficient to show that the particular defendant violated his civil rights"). Plaintiff, instead, relies primary on the conclusory assertion that the BLM supervisors and rangers[1] "unlawfully seized [his] vehicle without due process and proper justification." Docket No. 1-1 at 5. Plaintiff also submits that "Defendants violated Plaintiff's Fifth [A]mendment right to due process by unlawfully seizing Plaintiff's vehicle without proper notice or any opportunity to challenge the seizure." *Id*. at 9. Plaintiff submits that he was told that the vehicle was towed as evidence in a crime, but that Ewing Bros. was told that the car was abandoned. *Id*. Plaintiff asserts that this conflicting information deprived him of the ability to contest the tow, and that Defendants "failed to follow proper legal procedures for seizing and handling evidence, resulting in financial and emotional harm to Plaintiff." *Id*. Such conclusory assertions fail to satisfy the pleading requirements. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, it

---

[1] It is unclear whether Plaintiff seeks to sue specific rangers in their personal or official capacities.

demands "more than labels and conclusions") (internal quotation marks and citation omitted). Thus, Plaintiff fails to state a claim upon which relief can be granted.

### A. State Claims

In addition to the above, Plaintiff attempts to bring claims for wrongful towing, negligence, and conversion. *See* Docket No. 1-1 at 6-8. Such claims are tort causes of action arising from state law. *See, e.g., Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984). Given that Plaintiff has failed to state a claim as to his federal law causes of action, the undersigned will not screen his state law claims at this time since a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed in *forma pauperis* is **GRANTED**. Docket No. 5. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket. Docket No. 1-1.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 21, 2025,** to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: December 20, 2024

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge