UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL JENKINS,<br>    Plaintiff,<br>v.<br>BUREAU OF LAND MANAGEMENT, *et al.*,<br>    Defendants. | Case No. 2:24-cv-01925-APG-NJK<br><br>**Order** |

On December 20, 2024, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. Docket No. 8. On January 21, 2025, Plaintiff filed an amended complaint. Docket No. 10. The Court herein screens that amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.      Standards**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Analysis**

Plaintiff asserts claims against the Bureau of Land Management ("BLM") supervisors, Ranger Morris, Ranger McCall, and Ewing Bros. Inc.[1] Docket No. 10 at 3. Plaintiff alleges: (1) that on December 15, 2022, Rangers Morris and McCall directed Ewing Bros. Inc. to seize Plaintiff's vehicle, falsely claiming that it was abandoned after Plaintiff allegedly fled the scene during a traffic stop; (2) that there actually was no traffic stop or pursuit, (3) that Rangers Morris and McCall fabricated these claims to justify their actions; (4) that Plaintiff's vehicle was seized without probable cause or proper notice; (5) that Ewing Bros. Inc. sent Plaintiff a notice labeling the vehicle as "abandoned," which deprived him of a meaningful opportunity to contest the towing or reclaim his property before it was auctioned; and (6) that all charges brought against Plaintiff related to this incident were dismissed in March 2024 which, Plaintiff contends, confirms that there was no legal basis for the rangers' actions or the towing of Plaintiff's vehicle. Docket No. 10 at 4-5. Based on these allegations, Plaintiff seeks to assert federal claims arising under the Constitution, Nevada state law, and 42 U.S.C. § 1983. *Id*. at 6-13. Plaintiff seeks compensatory

---

[1] It is not clear whether Plaintiff names BLM as a defendant. *See* Docket No. 10 at 1, 3.

damages of $4,000,000, punitive damages, a declaratory judgement, injunctive relief, and attorneys' fees and costs. *Id*. at 13-14.

      a. 42 U.S.C. § 1983

Plaintiff brings several claims pursuant to 42 U.S.C. § 1983. *See* Docket No. 10 at 6-9. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–394, (1989). To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

The Court's analysis of Plaintiff's claims brought under § 1983 therefore begins by identifying whether he has sufficiently alleged the infringement of any of his rights. Plaintiff alleges infringement of Fourth and Fourteenth Amendment rights.

      i. Fourth Amendment

Plaintiff alleges that his Fourth Amendment right to be secure against an unlawful search and seizure has been violated. Docket No. 10 at 6. The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. Plaintiff alleges that Rangers McCall and Morris unlawfully seized his vehicle without probable cause or a warrant. Docket No. 10 at 6. Further, Plaintiff alleges that this seizure was based on a fabricated claim that he fled the scene of a traffic stop, and that his vehicle was improperly labeled as abandoned. *Id*. Such conclusory assertions fail to satisfy the pleading requirements. *See, e.g., Iqbal*, 556 U.S. 662, 678 (2009). Thus, Plaintiff fails to state a claim upon which relief can be granted as to the Fourth Amendment.

      ii. Fourteenth Amendment

Plaintiff alleges that Defendants violated his Fourteenth Amendment due process right by depriving him of his property without notice or an opportunity to contest the seizure by falsely labeling his vehicle as abandoned and by selling his personal property without proper notice as required by Nevada law. Docket No. 10 at 7. The "Fourteenth Amendment applies to the states,

3

and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973).  Thus, to the extent that Plaintiff makes a Fourteenth Amendment claim against the BLM and its employees, such a claim would be futile in light of the fact that the Fourteenth Amendment applies only to state actors, and the BLM is a federal agency.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to the Fourteenth Amendment.

### iii. Failure to Supervise

Plaintiff alleges that the BLM supervisors are subject to liability under 42 U.S.C. § 1983 for failing to properly train or supervise Rangers McCall and Morris "regarding [the] constitutional requirements for towing vehicles and seizing property."  Docket No. 10 at 8.  "[L]iability under section 1983 arises only upon a showing of personal participation [in the alleged misconduct] by the defendant."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, for a supervisor to be held liable for the constitutional violations of his subordinates, the supervisor must have "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id*.  Plaintiff must allege that the supervisor directed the conduct at issue or knew about Ranger Morris and McCall's violations and failed to act to prevent them, in order for the supervisor to have liability.  *Id*.  Plaintiff relies primarily on the conclusory assertion that the BLM supervisors' failure to properly train or supervise "allowed [R]angers Morris and McCall to engage in unconstitutional conduct."  Docket No. 10 at 8.  Plaintiff's conclusory assertion fails to satisfy the pleading requirements.  The Court therefore finds that Plaintiff fails to state a claim for failure to adequately train and supervise under 42 U.S.C. § 1983.

### iv. Policies

Plaintiff's fourth claim alleges that the BLM "maintained policies or customs that directly caused the violation of Plaintiff's constitutional rights by failing to adequately train employees on towing procedures."  Docket No. 10 at 9.  "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind

the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted). A "failure to train can be a policy" for purposes of *Monell* liability, although the failure must be a "widespread practice." *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal quotation marks omitted).

Prior to *Iqbal*, the Ninth Circuit employed a liberal pleading policy with respect to *Monell* claims, requiring nothing more than "a bare allegation that government officials conduct conformed to some unidentified government policy or custom." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). However, district courts "now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015).

In his complaint, Plaintiff fails to identify a BLM policy, instead relying upon a bare allegation that the BLM "maintained policies or customs that directly caused the violation of Plaintiff's constitutional rights by failing to adequately train employees on towing procedures." Docket No. 10 at 9. Pursuant to *Iqbal*, the Court finds that Plaintiff's bare allegation is insufficient to give fair notice and to enable BLM to defend itself effectively. *See AE ex rel. Hernandez*, 666 F.3d at 637 (citing *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)). As such, Plaintiff fails to state a colorable *Monell* claim against BLM.

      b. State Claims

In addition to the above, Plaintiff attempts to bring claims for conversion, negligence, and intentional infliction of emotional distress. *See* Docket No. 10 at 10-12. *See, e.g., Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984). Given that Plaintiff has failed to state a claim as to his federal law causes of action, the undersigned will not screen his state law claims at this time since a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

      c. Leave to Amend

Having determined that Plaintiff's amended complaint fails to state any colorable claim for relief, the Court must decide whether to afford Plaintiff leave to amend. A plaintiff should be

5

given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment. *Cato*, 70 F.3d at 1106. Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Plaintiff has previously been afforded an opportunity to amend the complaint. Docket No. 8. Nonetheless, the Court will afford Plaintiff one final opportunity to amend the complaint if he believes that any of the above deficiencies can be cured.

### III. Conclusion

For the reasons explained above, Plaintiff's amended complaint is **DISMISSED** with leave to amend. Docket No. 10. Plaintiff will have until **April 7, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: March 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge