UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL JENKINS,<br><br>　　Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT SUPERVISORS, *et al.*,<br><br>　　Defendants. | Case No. 2:24-cv-01925-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

On December 20, 2024, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. Docket No. 8. On March 7, 2025, the Court screened Plaintiff's amended complaint and dismissed it with leave to amend. Docket No. 13. On April 7, 2025, Plaintiff filed a second amended complaint. Docket No. 14. The Court herein screens that second amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.　Standards**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Analysis**

Plaintiff asserts claims against the Bureau of Land Management ("BLM") supervisors, Ranger Morris, Ranger McCall, and Ewing Bros. Inc.  Docket No. 14 at 3.  Plaintiff alleges that: (1) on December 15, 2022, he parked his overheated car on a public street so he could go get his tools; (2) Ranger McCall called him to return to his vehicle and Plaintiff responded that he would do so after he got his tools; (3) Ranger McCall told Plaintiff that he was towing the vehicle because it was "evidence in a crime" and that Plaintiff would receive mailed notice of which crime; (4) Ranger McCall and/or Ranger Morris told Ewing Bros. Inc. that Plaintiff's car was "abandoned" in order to get it towed; (5) Plaintiff called and recorded Ranger Morris who stated that the car was towed as "evidence," that the "hold" on the car was to be released a few days later, and that now Plaintiff's dispute was between him and Ewing Bros. Inc.; (6) Ewing Bros. Inc. auctioned off Plaintiff's car without following the required legal process; (7) Plaintiff filed a complaint with BLM, which concluded that the tow was legal; (8) the charges that were used to justify the tow were dismissed in court; (9) Plaintiff submitted Freedom of Information Act requests and a tort claim, but was denied both; (10) Plaintiff sent demand letters to BLM and Ewing Bros. Inc. to which BLM did not respond and Ewing Bros. Inc. stated it "couldn't be held responsible because

law enforcement" told it to tow the vehicle; and (6) BLM supervisors approved the tow even though they knew Rangers McCall and Ranger Morris had no arrest authority or legal power to tow Plaintiff's vehicle and that they failed to correct the false reasons provided to tow the car. Docket No. 14 at 5-6. Based on these allegations, Plaintiff seeks to assert federal claims arising under the Constitution and 42 U.S.C. § 1983. *Id*. at 4. Plaintiff seeks compensatory damages of $3,000,000, punitive damages, injunctive relief, and attorneys' fees and costs. *Id*. at 5-7.

Plaintiff's second amended complaint continues to fail to state any colorable claim for relief. Plaintiff attempts to bring a claim pursuant to 42 U.S.C. § 1983. Docket No. 14 at 4. However, Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-394, (1989). To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Here, Plaintiff fails to identify what right has been violated. *See* Docket No. 14.

In short, the second amended complaint fails to sufficiently state a claim. Plaintiff has already been given two opportunities to amend the complaint to state a claim and was told that he had one final opportunity to amend the complaint. *See* Docket No. 13 at 6. In light of Plaintiff's repeated failures to cure the deficiencies in his complaint, the Court finds that future amendment would be futile.

### III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's second amended complaint be dismissed without prejudice. Docket No. 14.

IT IS SO ORDERED.

Dated: May 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).